IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                  CR 20-1696 WJ

SIMEON ATCITTY,

        Defendant.

## **DEFENDANT'S UNOPPOSED MOTION TO CONTINUE**

Simeon Atcitty, through undersigned counsel, moves the Court for an order continuing the jury trial currently scheduled for November 2, 2020, and to vacate and reschedule all other deadlines and settings in this matter. The government does not oppose this motion. In support of this motion, Mr. Atcitty states the following:

1. Mr. Atcitty was arrested on September 27, 2020 pursuant to an indictment alleging a single charge of second degree murder, contrary to 18 U.S.C. §§ 1153 and 1111.

2. Mr. Atcitty was arraigned and pled not guilty on September 29, 2020.

3. Mr. Atcitty is currently in custody on this matter.

4. The defense has not received discovery from the government. The discovery order allows the government to disclose discovery within eight (8) days of the entry of the discovery order, which was filed on September 29, 2020.

5. The trial in this matter is set for November 2, 2020.

6.      Mr. Atcitty respectfully requests a continuance in order to complete several tasks that are vital to his defense. Specifically, he requests an additional ninety (90) days from the current setting to prepare for trial. Ninety days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

7.      A continuance of ninety days is necessary for counsel to complete the following tasks:

   a. To enter into plea negotiations with the government. The parties believe that plea negotiations may prove fruitful in this case and that such negotiations may benefit both Mr. Atcitty and the government.

   b. To conduct an investigation, including interviewing witnesses.

   c. To file any necessary motions.

8.      Counsel believes that ninety days is the minimum needed to thoroughly review discovery, to conduct investigation, to enter into plea negotiations with the government, to file pretrial motions, and to ensure that Mr. Atcitty receives effective assistance of counsel and is accorded due process.

9.      Mr. Atcitty's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Atcitty will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused

        and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

10.    Under the Speedy Trial Act, a trial must commence within seventy days of the Defendant's first appearance in District Court, the filing of an Information, or the return of an Indictment, whichever is later. 18 U.S.C. § 3161, subd. [c][1]. Some delay can be excluded from this seventy-day requirement if the Defendant files pre-trial motions, if the Defendant is subjected to other, related proceedings, or if the District Court determines that the ends of justice will be served by granting the requested continuance. 18 U.S.C. § 3161, subd. [h][1][D], [h][1][B] and [h][7][A]. However, in order to justify a continuance based on the ends of justice, the record must contain a detailed explanation for why the mere occurrence of the event identified by the party seeking a continuance results in the need for additional time. *United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009).

11.    The Speedy Trial Act also excludes any period of delay resulting from a pretrial motion, from the filing of the motion until its disposition. 18 U.S.C. § 3161(h)(1)(D).

12.    Counsel for the parties agree that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice will be served by vacating the jury trial of November 2, 2020 and by continuing the trial and all other deadlines for such a period as is necessary to dispose of the pending motion, or for ninety days in order to provide counsel for Defendant sufficient time to

review discovery, conduct investigation, file any necessary motions, meet with defendant and enter into plea negotiations with the Government. Mr. Atcitty respectfully submits that the need to provide the parties with sufficient time to complete the defense investigation and prepare an adequate defense outweighs the best interests of the public and the Defendant to a speedy trial.

13. Mr. Atcitty agrees with this continuance and that the period of delay should be excluded from the time limitations set forth within 18 U.S.C. § 3161 (c)(1), and he will not be prejudiced by this continuance. Additional time will not prejudice Mr. Atcitty and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Atcitty his rights under the Speedy Trial Act and Mr. Atcitty understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

14. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial.  *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a

negotiated resolution would conserve judicial and prosecutorial resources and could materially benefit Mr. Atcitty by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

15. Counsel for the government, Nicholas J. Marshall, does not oppose this motion.

WHEREFORE, Mr. Atcitty, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and deadlines as set forth above.

> Respectfully Submitted,
> FEDERAL PUBLIC DEFENDER
> 111 Lomas Blvd NW, Suite 501
> Albuquerque, New Mexico 87102
> (505) 346-2489
> Fax (505) 346-2494
>
> *Electronically filed October 5, 2020*
> /s/ Stephen Taylor
> Assistant Federal Public Defender