IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              No. 20 CR 1696 WJ

SIMEON ATCITTY,

        Defendant.

## DEFENDANT'S THIRD UNOPPOSED
## MOTION TO CONTINUE TRIAL AND DEADLINES

Simeon Atcitty, through undersigned counsel, moves the Court for an order continuing the jury trial currently scheduled for April 5, 2021, and to vacate and reschedule all other deadlines and settings in this matter. The government does not oppose this motion.  In support of this motion, Mr. Atcitty states the following:

1.     Mr. Atcitty pleaded not guilty to an indictment on September 29, 2020.

2.     Mr. Atcitty is charged with second degree murder, contrary to 18 U.S.C. §§ 1153 and 1111.

3.     Trial in this matter is currently scheduled for April 5, 2021.

4.     This is the third motion to continue filed in this case.

5.     Mr. Atcitty and the Government are actively involved in plea negotiations. Mr. Atcitty requests an additional sixty (60) days from the current setting to continue to pursue plea negotiations with the government and to file any pretrial motions that may be

necessary. Sixty days is the minimum amount of time that is required to conduct such discussions and set this matter for a change of plea hearing, should a resolution be reached.

6. A continuance of sixty days is necessary for counsel to complete the following tasks:

   a. To continue plea negotiations with the government. The parties believe that plea negotiations may prove fruitful in this case and that such negotiations may benefit both Mr. Atcitty and the Government.

   b. Research, prepare, and file pretrial motions, including possible motions to suppress and other motions in limine.

7. Mr. Atcitty requests a continuance of the trial of no less than sixty days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete plea negotiations and to set a change of plea hearing in this case.

8. Mr. Atcitty's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Atcitty will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v.*

*Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

9.  Under the Speedy Trial Act, a trial must commence within seventy days of the Defendant's first appearance in District Court, the filing of an Information, or the return of an Indictment, whichever is later. 18 U.S.C. § 3161, subd. [c][1]. Some delay can be excluded from this seventy-day requirement if the Defendant files pre-trial motions, if the Defendant is subjected to other, related proceedings, or if the District Court determines that the ends of justice will be served by granting the requested continuance. 18 U.S.C. § 3161, subd. [h][1][D], [h][1][B] and [h][7][A]. However, in order to justify a continuance based on the ends of justice, the record must contain a detailed explanation for why the mere occurrence of the event identified by the party seeking a continuance results in the need for additional time. *United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009).

10.  The Speedy Trial Act also excludes any period of delay resulting from a pretrial motion, from the filing of the motion until its disposition. 18 U.S.C. § 3161(h)(1)(D).

11.  Mr. Atcitty agrees with this continuance and that the period of delay should be excluded from the time limitations set forth within 18 U.S.C. § 3161 (c)(1), and he will not be prejudiced by this continuance. Additional time will not prejudice Mr. Atcitty and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Atcitty his rights under the Speedy Trial Act and Mr. Atcitty understands the need for a continuance and respectfully requests that the court continue his trial for the sixty days requested by counsel.

12.  Undersigned counsel affirmatively states that the ends of justice will be served by

granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Atcitty time to review discovery, pursue any investigation, and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could materially benefit Mr. Atcitty by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

13. Counsel for the government, Nicholas J. Marshall, does not oppose this motion.

WHEREFORE, Mr. Atcitty, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and deadlines as set forth above.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd NW, Suite 501
Albuquerque, New Mexico 87102
(505) 346-2489
Fax (505) 346-2494

*Electronically filed March 1, 2021*
/s/ Stephen Taylor
Assistant Federal Public Defender